1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RICHARD EMMETT WARD,                No. 2:13-CV-0009-GEB-CMK-P

12                Petitioner,

13        vs.                                  <u>FINDINGS AND RECOMMENDATIONS</u>

14   RICK HILL,

15                Respondent.

16   _____/

17              Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.   Pending before the court is petitioner's petition for

19   a writ of habeas corpus (Doc. 1).

20              Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary

21   dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any

22   exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Here, it is

23   clear that petitioner is not entitled to relief in this court because it lacks jurisdiction.  Specifically,

24   it is clear that the instant petition is a second of successive petition filed without prior leave of

25   the Ninth Circuit court of Appeals.  Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a

26   second or successive habeas corpus application . . . that was presented in a prior application shall

1  be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus

2  application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of

3  two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional

4  law, or the factual predicate of the new claim could not have been discovered earlier through the

5  exercise of due diligence and the new claim, if proven, establishes actual innocence. See id.

6  Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed,

7  the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the

8  absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to

9  consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d

10  1270 (9th Cir. 2001) (per curiam).

11          Upon review of the instant petition, the court concludes that the court lacks

12  jurisdiction because the instant petition is a second or successive petition filed without prior

13  leave of the Ninth Circuit Court of Appeals. Petitioner claims that he has recently discovered

14  exculpatory evidence. Thus, the petition is governed by § 2244(b)(2). Because petitioner has not

15  obtained prior leave of the Ninth Circuit Court of Appeals to file this petition, the court lacks

16  jurisdiction.

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

2

1    Based on the foregoing, the undersigned recommends that petitioner's petition for

2  a writ of habeas corpus (Doc. 1) be summarily dismissed, without prejudice, for lack of

3  jurisdiction.

4    These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

6  after being served with these findings and recommendations, any party may file written

7  objections with the court.  Responses to objections shall be filed within 14 days after service of

8  objections.  Failure to file objections within the specified time may waive the right to appeal.

9  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11   DATED:  February 28, 2013

12

13   CRAIG M. KELLISON
     UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26